IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID SMITH-GARCIA, #07954-043 *also known as* David G. Atwood, II | PLAINTIFF |
| v. | CAUSE NO. 1:17-cv-332-LG-RHW |
| HARRISON COUNTY, ET AL. | DEFENDANTS |

## ORDER OF DISMISSAL

Pro se Plaintiff David Smith-Garcia ("Plaintiff"), a federal inmate of the Bureau of Prisons, seeks leave to proceed *in forma pauperis* ("IFP") in this civil action filed pursuant to 42 U.S.C. § 1983. Because the contents of Plaintiff's IFP application are false, this civil action is dismissed.

I. Background

At the time of filing this Complaint, Plaintiff submitted a one-page letter, dated November 17, 2017, seeking permission to proceed IFP. *See* Mot., ECF No. 2. Plaintiff's request to proceed IFP did not contain any financial information.

Since Plaintiff did not submit an application that complies with the requirements of the IFP statute, 28 U.S.C. § 1915, the Court entered an Order directing Plaintiff to either pay the filing fee or file a completed IFP application on or before December 30, 2017. Order at 1, ECF No. 4. The Court also directed Plaintiff to supply an inmate account statement or an institutional equivalent in the form of an inmate account certificate completed by the appropriate prison official. *Id*. at 1, 3, 5. In lieu of an inmate account certificate, the Order allowed

Plaintiff to "file an affidavit specifically stating the name of the prison official contacted concerning the [c]ertificate and why this information is not provided to the court." *Id*. at 1.

The first two-pages of the IFP application (AO 240 Form), direct Plaintiff to state if he is employed at the institution; to state any income he has received in the last 12 months; to state the amount of money he has in cash or in a checking or savings account; and to list "[a]ny automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that [he] own[s], *including any item of value held in someone else's name.*" *Id*. at 3–4 (emphasis added). The application specifically directs Plaintiff to check "yes" or "no" regarding any income he received from any of six sources, including income from "[a]ny other source," in the past 12 months. *Id*. at 3. The application further states, "If you answered 'Yes' to any question above, describe below or on separate pages *each source of money* and state the amount that you received and *what you expect to receive in the future.*" *Id*. (emphasis added). The remaining sections of the application direct Plaintiff to list his expenses, any persons dependent on him for support, and any debts or financial obligations, including the directive to "describe the amounts owed and to whom they are payable." *Id*. at 4.

On December 8, 2017, Plaintiff filed a Motion to Proceed IFP with a completed IFP application. *See* Mot., ECF No. 5. In his application, signed under penalty of perjury, Plaintiff states that he has $130.00 in cash or in a checking or savings account and that he owns a motorcycle valued at approximately $2,000.00. *Id*. at 2

(ECF pagination). Plaintiff also swears that the only income he has received in the past 12 months, from any of the six categories[1] listed on the application, is approximately $2,500.00, for employment in August and September of 2017, and approximately $1,800.00, for employment in February and March of 2017. *Id.* at 1 (ECF pagination). Specifically, Plaintiff checked "yes" for income from "[b]usiness, profession, or other self-employment" and checked "no" for income from any of the other five categories including the "[a]ny other sources" category. *Id.* Plaintiff also replied "none" when asked to list his expenses, list people dependent on him for support, and list any debts or financial obligations. *Id.* at 2 (ECF pagination).

Plaintiff did not submit an inmate account statement or an inmate account certificate with his application. Instead, Plaintiff filed a sworn statement that he could not find anyone at the jail to complete the form and that "the only money that I currently have is on my commissary account at the jail and as of today it totals $130.00." *Id.* at 4 (ECF pagination).

A review of the court docket for the United States District Court for the Northern District of Mississippi, reveals that on July 20, 2017, Plaintiff won a civil suit he tried pro se and the jury awarded him $5,000.00. *See Atwood v. Jackson*, No. 1:12-cv-168-SA-DAS (N.D. Miss. July 20, 2017) (J., ECF No. 336). Plaintiff filed a Notice of Satisfaction of Judgment on August 14, 2017, notifying the Northern

---

[1] The categories are: "(a) Business, profession, or other self-employment; (b) Rent payments, interest, or dividends; (c) Pension, annuity, or life insurance payments; (d) Disability, or worker's compensation payments; (e) Gifts, or inheritances; (f) Any other sources." Mot. at 1, ECF No. 5.

District that the Final Judgment in the amount of $5,000.00 "has been fully and finally satisfied." *Id.*, ECF No. 353.

The Northern District also imposed sanctions against two parties in the case, on September 5, 2017, and ordered the parties to pay a total of $1,705.59, within 30 days. *Id.*, ECF No. 354. When the parties failed to do so, Plaintiff filed a Motion to Enforce the sanction order on October 12, 2017, and a Motion to Release Funds on November 29, 2017. *Id.*, ECF Nos. 356, 359. In his Motion to Release Funds, Plaintiff states that the parties paid the sanction to the Clerk on or about October 23, 2017, and he wrote the Clerk but the Clerk has not released the funds to him. *Id.*, ECF No. 359. In his Motion to Release Funds, Plaintiff further requests that the $1,705.59 be sent to him by mailing a check to David Atwood at 439 Garden Grove St., Vicksburg, MS 39180, even though he signed the Motion listing his address as the Harrison County Jail. *Id.*, ECF No. 359. The Northern District mooted Plaintiff's Motion to Enforce and Motion to Release Funds by Order entered on December 11, 2017, finding that the Clerk had disbursed the funds to the Plaintiff. *Id.*, ECF No. 360.

II. Discussion

The IFP statute provides that "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue. . . ." 28 U.S.C. § 1915 (e)(2)(A). The statute grants the Court no discretion in determining whether to dismiss the case. *Castillo v. Blanco*, 330 F. App'x 463, 466 (5th Cir. 2009). When the Court determines the contents of an IFP application are false, dismissal of the

4

case is mandatory at that time. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (finding dismissal is mandatory, even after the payment of the filing fee, if court determines contents of an IFP application are false).

Plaintiff's IFP application contains false statements. Plaintiff failed to disclose that he received $5,000.00, in August of 2017, just prior to filing his initial request to proceed as a pauper. Plaintiff did not truthfully answer the question regarding income received in the past 12 months from "any other source" and he failed to provide the amount of money he "expect[s] to receive in the future." Mot. [5] at 1. Further evidencing Plaintiff's untruthfulness is the fact that at the same time Plaintiff was seeking pauper status in this case, he was actively pursuing payment of sanctions from the Northern District in the amount of $1,705.59, which Plaintiff received within 30-days of filing this case. Not only is the receipt of $6,705.59, by the Plaintiff relevant to a pauper determination, it was required by the IFP application that Plaintiff completed under penalty of perjury. Plaintiff has not been truthful in his requests for pauper status.

III. Conclusion

The Court finds that Plaintiff's IFP application contains false statements. Since the Court determines that Plaintiff's allegation of poverty is untrue, dismissal of this case under § 1915(e)(2) is mandatory.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(A). A

separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 22nd day of May 2018.

*s/ Louis Guirola, Jr.*
Louis Guirola, Jr.
U.S. District Judge